**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ISAAC SANT, et al.,<br><br>*Defendants.* | Case No.: 26-cr-115 (KMM/DTS)<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, THE SOCIETY FOR THE RULE OF LAW AND DEMOCRACY, AND THE CATO INSTITUTE** |

By and through counsel, Foundation for Individual Rights and Expression, The Society for the Rule of Law and Democracy, Inc., doing business as The Society for the Rule of Law, and The Cato Institute respectfully move this Court for leave to file a brief as *amici curiae* in support of Defendants' Motion for Discovery, ECF 212. The proposed *amici* brief is attached as exhibit 1 and a proposed order is attached as exhibit 2. *Amici* sought the consent of all parties for the filing of this motion and attached brief. The Defendants consent, and the United States has not provided its position as of the time of this filing. In support of this motion *amici* further states:

1. Foundation for Individual Rights and Expression (FIRE) is a nonpartisan nonprofit that defends the individual rights of all Americans to free speech and free thought—the essential qualities of liberty. Since 1999, FIRE has successfully defended First Amendment rights nationwide without regard to speakers' views through public advocacy, targeted litigation, and *amicus curiae* filings in cases implicating expressive

rights. *See, e.g.*, Brief for FIRE, et al., as Amici Curiae Supporting Petitioner, *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S. Ct. 1114 (2026) (No. 24-781), 2025 WL 2534652; Brief for FIRE, et al., as Amici Curiae Supporting Plaintiff, *Anthropic PBC v. U.S. Dep't of War*, No. 26-1049 (D.C. Cir. filed Mar. 9, 2026); *Stanford Daily Publ'g Corp. v. Rubio*, No. 5:25-cv-06618 (N.D. Cal. filed Aug. 6, 2025) (counsel); *Volokh v. James*, 148 F.4th 71 (2d Cir. 2025) (counsel). FIRE's work includes protecting the right to be free from governmental retaliation for protected speech. *See, e.g.*, *Rosado v. Bondi*, 831 F. Supp. 3d 685 (N.D. Ill. 2026) (counsel); Brief for FIRE, et al., as Amici Curiae Supporting Appellees, *Los Angeles Press Club v. Noem*, 171 F.4th 1179 (9th Cir. 2026); Brief for FIRE as Amicus Curiae Supporting Appellant, *Stokes v. Boyce*, No. 26-60184 (5th Cir. July 23, 2026).

2. The Society for the Rule of Law and Democracy Inc., doing business as The Society for the Rule of Law ("SRL") is a national non-profit, non-partisan membership organization of conservative, libertarian, and right-of-center-lawyers, and others, who are dedicated to defending the constitutional principles of the rule of law, limited government, separation of powers, federalism, and democracy, regardless of politics or political affiliation. SRL was originally founded as Checks & Balances in 2018 by lawyers and former jurists who served at the highest levels in previous Republican administrations. SRL relaunched in 2023 to defend and advance these principles, including each branch's importance as a check and balance on the other branches of the federal government. This case is of central concern to the Society, because it implicates the integrity and credibility

of the Department of Justice as a non-political enforcer of the law, as well as the lawful exercise of First Amendment rights.

3. The Cato Institute is a nonpartisan public-policy research foundation established in 1977 and dedicated to advancing the principles of individual liberty, free markets, and limited government. Cato's Robert A. Levy Center for Constitutional Studies was established in 1989 to help restore the principles of limited constitutional government that are the foundation of liberty. Toward those ends, Cato publishes books and studies, conducts conferences, produces the annual Cato Supreme Court Review, and files amicus briefs.

4. *Amici* file this brief in support of Defendants' motion for discovery[1] out of concern over the weaponization of federal law enforcement authority to target perceived political opposition to the current presidential administration's policies.

5. *Amici* write to provide the Court with important background to contextualize the import of the government invoking National Security Presidential Memorandum-7: Countering Domestic Terrorism and Organized Political Violence ("NSPM-7") as its justification for the investigations leading to this prosecution, and to explain why the Court should grant Defendants' request for additional disclosure that would reveal any viewpoint-based motivations that lie behind this prosecution.

---

[1] Defendant Sant filed a motion for discovery on August 13, 2026, and that motion is referred to herein as the "motion for discovery." *See* ECF 212. Thirteen other defendants joined Sant's motion. *See* Joint Motion for Leave to Join Motion (Aug. 17, 2026), ECF 218; Motion for Leave to Join Motion (Aug. 17, 2026), ECF 219.

6. There are no Federal or Local Rules "governing the submission of amicus briefs in the federal district courts." *Tincher v. Noem*, No. 25-cv-4669, 2026 WL 17973, at *1 (D. Minn. Jan. 2, 2026). "District courts in this Circuit consider the decision whether to grant or deny leave to be within their broad discretion." *Id.* Courts will grant leave to file amicus briefs where there is no "prejudice for the other parties" and "there is potentially some benefit" in the information provided. *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1054 (D. Minn. 2014) (explaining courts will grant leave where the proffered information is timely, useful, or otherwise helpful).

7. Moreover, courts have recognized that "it is preferable to err on the side of" permitting amicus briefs because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Williams v. Centene Corp.*, No. 4:22-cv-00216 2023 WL 2755544, at *3 (E.D. Mo. Mar. 31, 2023) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997))

8. The Court should exercise its discretion to grant this motion because *amici* offer unique information which will assist the Court in its consideration of the motion for discovery by explaining the following points not fully addressed in the parties' briefs:

9. *First*, NSPM-7 and its implementing directives facially and as implemented target First Amendment-protected viewpoints. It treats left-leaning political viewpoints (e.g., opposition to aggressive immigration enforcement, "radical gender ideology," "anti-Americanism") as indicia of domestic terrorism. NSPM-7 and this investigation fit a broader, well-documented pattern of the administration using criminal investigations to retaliate against its perceived opponents.

10. *Second*, the public disclosures in this case reveal that the Department of Homeland Security ("DHS") weaponized NSPM-7 to surveil core First Amendment activity—infiltrating meetings, monitoring encrypted chats, and secretly seizing years of financial records from unions and nonprofits. This surveillance appears to have been based on disfavored political viewpoints in violation of the First Amendment.

11. *Third*, because the justification for the investigation in this prosecution rests on NSPM-7—which treats political ideology as indicia of a proclivity towards violence—and given the government's broader pattern of misconduct in other cases, Defendants have a strong basis for the additional Rule 16, Brady, and Giglio disclosures they seek. Those disclosures may show the prosecution was driven by political animus.

12. No party or its counsel had any role in authoring this brief. No person or entity–other than *amici* counsel—contributed money to fund the preparation of this brief.

**CONCLUSION**

For the foregoing reasons, amicus respectfully requests that the Court accept the accompanying brief for filing.

Respectfully submitted,

Dated: August 25, 2026

/s/ *Kyle W. Wislocky*

Shalini Goel Agarwal*
Katie Schwartzmann*
Elizabeth Littrell*
Tobin Raju*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave NW, Suite 163
Washington, DC 20006
Tel: (202) 579-4582
Fax: (202) 769-3176

**Motions for admission Pro Hac Vice forthcoming*

Barry M. Landy (#391307)
Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
CIRESI CONLIN LLP
225 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone: (612) 361-8200
BML@ciresiconlin.com
KWW@ciresiconlin.com
JFS@ciresiconlin.com

*Counsel for Amici Curiae*